UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHNNY BENNETT,

    Petitioner,

-vs-                                                    Case No. 6:12-cv-1716-Orl-31KRS

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9). Petitioner filed a reply (Doc. No. 13) and an amended reply (Doc. No. 20) to the response.

I.    *Procedural History*

Petitioner was charged by information with one count of armed burglary of a dwelling and one count of sexual battery. Petitioner entered a plea of *nolo contendere* to the charges. On May 22, 2000, the trial court adjudicated Petitioner guilty of the crimes

and sentenced him to imprisonment for a total term of thirty-five years. Petitioner filed a direct appeal with the Fifth District Court of Appeal, which affirmed *per curiam* on March 6, 2001. The mandate issued on March 26, 2001.

On June 18, 2001, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850,[1] which was denied on August 30, 2001. The state appellate court affirmed *per curiam* on October 16, 2001. The mandate issued on November 2, 2001.

On December 1, 2003, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), which was denied. Petitioner did not appeal the denial.

II.     *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)     the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

---

[1] References to the filing date of pleadings by Petitioner *pro se* shall be the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). The motion itself does not appear to be dated; however, Respondents note the filing date as June 18, 2001, and Petitioner does not dispute this date.

2

the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the present case, the state appellate court entered its *per curiam* affirmance of Petitioner's conviction and sentence on March 6, 2001. Petitioner then had ninety days, or through June 4, 2001, to petition the United States Supreme Court for a writ of certiorari.[2] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on

---

[2]Rule 13 provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

June 4, 2001, and Petitioner had through June 4, 2002, absent any tolling, to file a federal habeas petition. The instant federal habeas petition was filed on November 9, 2012.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his Rule 3.850 motion on June 18, 2001, 14 days of the one-year period had run. Those proceedings concluded on November 2, 2001, when the state appellate court issued the mandate on appeal from the denial of his Rule 3.850 motion. The one-year period expired 351 days later on October 19, 2002, which fell on a Saturday. Thus, the one-year period actually expired on October 21, 2002, and the instant habeas petition is untimely.

Petitioner's Rule 3.800(a) motion did not toll the statute of limitations because the one-year period expired before Petitioner initiated that action. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner states the one-year period of limitation should be excused based on the decisions in *Martinez v.* Ryan, 132 S. Ct. 1309 (2012) and *Apprendi v. New* Jersey, 530 U.S. 466 (2000). Under section 2244(d)(1)(C), in the event the Supreme Court newly recognizes a constitutional right and makes it retroactively applicable to cases on collateral review, the AEDPA's limitation provision permits filing a petition asserting

4

such a right for a year after the initial recognition of the right. In the present case, Petitioner's AEDPA start-date is not measured by § 2244(d)(1)(C) because neither *Martinez* nor *Apprendi* is a benchmark on which a constitutional right asserted was initially recognized by the Supreme Court. Moreover, neither case pronounced a new rule held to be retroactive by the Supreme Court. Finally, Petitioner's grounds for relief are not based on a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable on collateral review. Consequently, Petitioner has not demonstrated that there is any basis upon which to extend the one-year deadline.[3] Accordingly, the instant federal habeas corpus petition is untimely, and it is denied.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Johnny Bennett (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

---

[3] The Court notes that Petitioner does not argue he was prevented from filing his federal petition by State action in violation of the Constitution or laws of the United States, *see* § 2244(d)(1)(B), or that he could not have discovered, with due diligence, the factual predicate of his claims prior to the date his conviction became final, see § 2244(d)(1)(D).

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 18th day of July, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 7/18
Johnny Bennett
Counsel of Record

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.